UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GREONTA WEST**,

    Plaintiff,

v.                                           Case No.: 6:25-cv-01540-AGM-NWH

**WALT DISNEY WORLD PARKS
AND RESORTS U.S., INC.**,

    Defendant,

## ORDER

THIS CAUSE comes before the Court upon review of Plaintiff Greonta West's Amended Complaint. (Doc. # 16; the "Amended Complaint"). For the reasons stated below, the Amended Complaint is due to be dismissed without prejudice.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further states that:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

In the Amended Complaint, Plaintiff sets forth nearly fifty pages of factual allegations. (See doc. # 16.) These allegations are asserted in support of four claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, alleging racial discrimination, hostile work environment, and retaliation. (See doc. # 16 at 59–63.) Each count incorporates the "Factual Allegations" section of the Amended Complaint. For

example, Count I incorporates each of the preceding 346 paragraphs of factual allegations, including those "concerning disparate treatment, denial of equal job opportunities, selective enforcement of policies, and discriminatory discipline[.]" (Doc. # 16 at 59.) The Amended Complaint does not provide any further guidance on which factual allegations are relevant to Count I. This same defect is repeated with Counts II, III, and IV.

The Amended Complaint fails to comply with the pleading requirements set forth in Federal Rules of Civil Procedure 8(a)(2) and 10(b) and is an impermissible shotgun pleading. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (explaining that complaints that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'"). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, the Complaint falls into the second class of shotgun pleadings because it does not make clear which facts are relevant to each cause of action. *See id.* at 1332. The Complaint

requires speculation "as to which factual allegations pertain to which count." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n. 9 (11th Cir. 1997). Even construing the Amended Complaint liberally to account for Plaintiff's *pro se* status, it impermissibly fails to give the Defendant "adequate notice of the claims against [it] and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Accordingly, it is now

**ORDERED** and **ADJUDGED** that:

1. Plaintiff's Amended Complaint (doc. # 16) is **DISMISSED without prejudice**;

2. Plaintiff may file an Amended Complaint compliant with the Federal Rules of Civil Procedure by January 21, 2025; and

3. Failure to timely comply with this Order may result in dismissal without further notice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida, this January 6, 2026.

ANNE-LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE